TORPY, J.
In this foreclosure action, Appellant challenges the entry of an order vacating a certificate of title that the Clerk of the Seventh Circuit issued to Appellant. We have jurisdiction. Fla. R.App. P. 9.130(3)(C)(ii).
In September of 2002, Appellant brought a foreclosure action on three parcels owned by Country Ridge, Inc. and Country Bridge, Inc. On March 4, 2003, a partial final summary judgment was entered against these corporate defendants, and a foreclosure sale was scheduled for April 7, 2003. At the sale, Appellant was the high bidder and a certificate of sale was thereupon issued by the Clerk of the Circuit Court. This certificate, filed the same day, noted that the highest and best bid for the property was received by Appellant “to whom the property was sold for $100.00.” There were no objections to the sale.
On April 15, 2003, at 12:36 p.m., Country Ridge and Country Bridge, quit-claimed their interests in the subject parcels to Appellee, Osta, in his individual capacity. Later the same day, Osta filed a petition for bankruptcy. On April 23, 2003, the circuit court clerk issued a certificate of title to Appellant. The certificate specified that no objections to the sale were filed within the time allowed for filing objections. Osta then filed a Motion to Vacate Final Judgment and Certificate of Title. The trial court, on May 6, 2003, entered an order denying the motion to vacate the partial final summary judgment entered on March 4, 2003, but granting the motion to vacate the certificate of title issued on April 23, 2003. On May 13, 2003, Appellant timely filed an appeal of this non-final order challenging only the portion of the order vacating title.
We agree with Appellant that the trial court erred in vacating the certificate of title. Because the mortgagors’ right of redemption ended when the certificate of sale was filed, the clerk properly issued the certificate of title to Appellant notwithstanding the intervening bankruptcy filing by Osta. In re Jaar, 186 B.R. 148, 153-154 (M.D.Fla.1995).
The portion of the trial court’s order vacating issuance of the certificate of title is, therefore, reversed.
REVERSED.
SHARP, W., and GRIFFIN, JJ., concur.